**FILED**

**4:04 pm, Feb 22, 2019**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

### IN THE
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

DONALD E. WEAVER Jr.,                                )
      Plaintiff,                                      )
      v.                                              )      Case No.   1:19-cv-799-TWP-DLP
DUSHAN ZATECKY, individually and in his         )
official Capacity, as Warden for the            )
Pendleton Correction Facility.                  )
                                                )
DUANE ALSIP, individually and in his            )
official capacity as Assistant Warden           )
of Operations for the                           )
Pendleton Correctional Facility.                )
                                                )
DICK BROWN, individually and in his             )
official Capacity, as Warden for the            )
Wabash Valley Correction Facility.              )
                                                )
FRANK LITTLEJOHN, individually and in his       )
official capacity as Assistant Warden           )
of Operations for the                           )
Wabash Valley Correctional Facility.            )
                                                )
CORRECTIONAL MEDICAL SERVICES, INC.,            )
[Corizon]in their official and individual capacity as )
Health Care Provider for the Indiana Department )
of Correction.                                  )
                                                )
WEXFORD HEALTH SOURCES, INC.,                   )
[Wexford] in their official and individual      )
capacity as Health Care Provider for the        )
Indiana Department of Correction.               )
                                                )
PAUL TALBOT, Dr.,                               )
In his official, and individual                 )
capacity as a Doctor for the Pendleton          )
Correctional Facility.                          )
                                                )
FRANCES E. DWYER, Dr.,                          )
In her official, and individual                 )
capacity as a Doctor for the Wabash Valley      )
Correctional Facility.                          )
                                                )

JOHN M. NWANNUNU, Dr.,                          )
In his official, and individual                 )
capacity as a Doctor for the Wabash  Valley     )
Correctional Facility.                          )
                                                )
Naveen Rajoli, Dr.,                             )
In his official, and individual                 )
capacity as a Doctor for the Wabash  Valley     )
Correctional Facility.                          )
                                                )
                                                )
                                                )
     Defendants.                        )

## PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. § 1983

### I. JURISDICTION AND LIABILITY

**COMES NOW** Donald Weaver, Plaintiff *pro se*, who complains of the Defendants and files his Plaintiff's Complaint, and for his cause of action alleges and says as follows:

1. The District Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases arising under the Constitution, laws, or treaties of the United States.  The jurisdiction of the court over the state-law claims is based on the supplemental jurisdiction statute, 28 U.S.C. § 1367 (a) which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Federal Constitution.

### II. DEFENDANT PARTIES

1. Defendant Dushan Zatecky at all times relevant to this action is the Warden at the Pendleton Correctional Facility. The Pendleton Correctional Facility is a part of the Indiana

Department of Correction and is located in Pendleton, Indiana, and the address is 4490 W. Reformatory Road, Pendleton, Indiana, 46064. Defendant Zatecky is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Zatecky was directly responsible for the welfare and needs of Weaver, while incarcerated at the Pendleton Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Weaver while incarcerated at the Pendleton Correctional Facility.  In addition, Defendant Zatecky is also responsible for the training of his employees to meet the welfare/needs of Weaver and all other incarcerated offenders at the Pendleton Correctional Facility. Further, at all times relative to this cause of action Defendant Zatecky while acting individually, under color of state law deprived Weaver of federally protected rights.

2. Defendant Duane Alsip, at all times relevant to this action is the Assistant Warden of Operations at the Pendleton Correctional Facility. The Pendleton Correctional Facility is a part of the Indiana Department of Correction and is located in Pendleton, Indiana, and the address is 4490 W. Reformatory Road, Pendleton, Indiana, 46064. Defendant Alsip is defined as a person under **42 U.S.C. § 1983**, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Alsip is directly responsible for the welfare and needs of Weaver, while he was incarcerated at the Pendleton Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and needs of Weaver while he was incarcerated at the Pendleton Correctional Facility.  In addition, Defendant Alsip is also responsible for the training of employees to meet the needs/welfare of Weaver and all other

incarcerated offenders at the Pendleton Correctional Facility. Further, at all times relative to this cause of action Defendant Alsip while acting individually, under color of state law deprived Weaver of federally protected rights.

3. Defendant Dick Brown at all times relevant to this action is the Warden at the Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Wabash, Indiana, and the address is P.O Box 1111 Carlisle, IN 47838. Defendant Brown is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Brown was directly responsible for the welfare and needs of Weaver , while he was incarcerated at the Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and care of Weaver while he was incarcerated at the Wabash Valley Correctional Facility.  In addition, Defendant Brown is also responsible for the training of his employees to meet the welfare/needs of Weaver and all other incarcerated offenders at the Wabash Valley Correctional Facility. Further, at all times relative to this cause of action Defendant Brown while acting individually, under color of state law deprived Weaver of federally protected rights.

4. Defendant Frank Littlejohn, at all times relevant to this action is the Assistant Warden of Operations at the Wabash Valley Correctional Facility. The Wabash Valley Correctional Facility is a part of the Indiana Department of Correction and is located in Wabash, Indiana, and the address is P.O Box 1111 Carlisle, IN 47838. Defendant Littlejohn is defined as a person under **42 U.S.C. § 1983**, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Littlejohn

4

was directly responsible for the welfare and needs of Weaver, while he was incarcerated at the Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and needs of Weaver while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant Littlejohn is also responsible for the training of employees to meet the needs/welfare of Weaver and all other incarcerated offenders at the Wabash Valley Correctional Facility. Further, at all times relative to this cause of action Defendant Alsip while acting individually, under color of state law deprived Weaver of federally protected rights.

5. Defendant Wexford Health Sources, Inc., [Wexford] at all times relevant to this action is the duly contracted Health Care Provider for the Indiana Department of Correction and the Pendleton Correctional Facility. Defendant Wexford Health Sources, Inc. is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Wexford Health Sources, Inc., [hereafter Wexford] was directly responsible for the medical needs of Weaver, while he was incarcerated at the Pendleton Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and medical care of Weaver while he was incarcerated at the Pendleton Correctional Facility. In addition, Defendant Wexford is also responsible [by contract] for the training of its employees to meet the medical needs of Weaver and all other incarcerated offenders in the Indiana Department of Correction. Further, at all times relative to this cause of action Defendant Wexford while acting individually, under color of state law deprived Weaver of federally protected rights.

6. Defendant Correctional Medical Services Inc., [Corizon] at all times relevant to this action was the duly contracted Health Care Provider for the Indiana Department of Correction and the Pendleton Correctional Facility. Correctional Medical Services Inc., is located at 105 W Park Drive Brentwood TN 37027 Defendant Correctional Medical Services Inc. is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Correctional Medical Services Inc., [hereafter Corizon] was directly responsible for the medical needs of Weaver, while he was incarcerated at the Wabash Valley Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and medical care of Weaver while he was incarcerated at the Wabash Valley Correctional Facility. In addition, Defendant Corizon is also responsible [by contract] for the training of its employees to meet the medical needs of Weaver and all other incarcerated offenders in the Indiana Department of Correction. Further, at all times relative to this cause of action Defendant Corizon while acting individually, under color of state law deprived Weaver of federally protected rights.

7. Defendant Dr. Paul Talbot at all times relevant to this action was a Doctor [Dr.] for the Pendleton Correctional Facility, located at 4490 West Reformatory Road, Pendleton, Indiana, 46064, Wexford Health Sources Inc., and Correctional Medical Services Inc.; performed duties as a Doctor for Defendants Corizon and Wexford and for the Pendleton Correctional Facility. He is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Dr. Talbot as a Doctor at the Pendleton Correctional Facility is directly responsible for the medical needs of Weaver, while he was incarcerated at the Pendleton Correctional Facility.

Further, at all times relative to this cause of action Defendant Dr. Talbot while acting individually, under color of state law has deprived Weaver of his federally protected rights.

8. Defendant Dr. Frances Dwyer at all times relevant to this action was a Doctor [Dr.] for the Wabash Valley Correctional Facility, located at P.O Box 1111 Carlisle, IN 47838, and performed duties as a Doctor for Defendant Corizon and for the Wabash Valley Correctional Facility. She is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Dr. Dwyer as a Doctor at the Wabash Valley Correctional Facility was directly responsible for the medical needs of Weaver, while he was incarcerated at the Wabash Valley Correctional Facility. Further, at all times relative to this cause of action Defendant Dr. Dwyer while acting individually, under color of state law deprived Weaver of federally protected rights.

9. Defendant Dr. John Nwannunu at all times relevant to this action was a Doctor [Dr.] for the Wabash Valley Correctional Facility, located at P.O Box 1111 Carlisle, IN 47838, Indiana, 46064, and performed duties as a Doctor for Defendant Corizon and for the Wabash Valley Correctional Facility. He is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Dr. Nwannunu as a Doctor at the Wabash Valley Correctional Facility and was directly responsible for the medical needs of Weaver, while he was incarcerated at the Wabash Valley Correctional Facility. Further, at all times relative to this cause of action Defendant Dr. Nwannunu while acting individually, under color of state law deprived Weaver of federally protected rights.

10. Defendant Dr. Naveen Rajoli at all times relevant to this action was a Doctor [Dr.] for the Wabash Valley Correctional Facility, located at P.O Box 1111 Carlisle, IN 47838, and

performed duties as a Doctor for Defendant Corizon and for the Wabash Valley Correctional Facility. He is defined as a person under 42 U.S.C. § 1983, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Dr. Rajoli as a Doctor at the Wabash Valley Correctional Facility and was directly responsible for the medical needs of Weaver, while he was incarcerated at the Wabash Valley Correctional Facility. Further, at all times relative to this cause of action Defendant Dr. Rajoli while acting individually, under color of state law deprived Weaver of federally protected rights.

### III. NATURE OF CLAIM

11.    Defendants individually and in their official capacity, acting singular and in conspiracy, engaged in conduct toward achieving deprivation of Weaver's federally protected rights, under color of state law. This conduct has been to deny Weaver his serious medical since November 22, 2013 giving Weaver no medical care and delaying him medical care for his serious medical conditions [ptottic epiglottis and tonsillitis] resulting in further pain/injury to Weaver, while incarcerated at the Pendleton Correctional Facility and Wabash Valley Correctional Facility.

12.    Additionally, Defendant's Wexford's and Corizon's custom/practice/policy whereby they do not properly train their medical staff at the Pendleton Correctional Facility and Wabash Valley Correctional Facility in how to properly diagnose/assess/treat medical emergencies and serious medical needs of prisoners resulted in denying Weaver his emergency medical needs since November 22, 2013. Defendant's Wexford and Corizon have a custom/practice of denying prisoners access to medical care for serious medical needs that has resulted in Weaver receiving insufficient medical care and delayed medical care for his serious

8

medical conditions [ptottic epiglottis and tonsillitis] since November 22, 2013 resulting in further pain/injury to Weaver. This custom/practice/policy of denying Weaver [and others] access to proper medical care and the inadequate training of its employees at the Pendleton Correctional Facility and Wabash Valley Correctional Facility has resulted in severe injury/pain to Weaver. These Defendants' conduct has been intentional, grossly negligent, deliberately indifferent, and indicative of active malice toward Weaver. Due to these Defendants negligence Weavers condition has worsened and resulted in pain suffering, and emotional distress. These actions and inactions represent a disregard, and total indifference of Weaver's federally protected rights, justifying an award of punitive damages in addition to any actual and compensatory damages Weaver is entitled to recover.

## IV. STATEMENT OF FACTS TO CLAIM

13. As an initial matter, Weaver informed Corizon through the medical request procedure that he was experiencing pain in his throat, mouth, and chest on November 22, 2013 while incarcerated at Wabash Valley Correctional Facility.

14. Defendants Frances, Dwyer, Rajoli, and Nwannuna refused Weaver access to medical care for his serious medical need [ptottic epiglottis and tonsillitis] while incarcerated at Wabash Valley Correctional Facility.

15. Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna violated Indiana Department of Correction Policy #01-02-101, [at pages 2, 4-5] in denying Weaver access to medical care for his throat, mouth, and chest pain.

16. Weaver has suffered severe pain since November 22, 2013 based on the actions/inactions of all Defendants individually and collectively. As a result of denying Weaver

9

access to proper medical care, pain medication, and medical procedures Weavers condition has worsened.

17.    Weaver was transferred to the Pendleton Correctional Facility on March 1, 2017 and Defendants Wexford and Talbot assumed responsibility for Weavers health.

18.    Defendant Corizon assumed responsibility for Weaver but Defendant Talbot maintained his employment and responsibility of Weaver.

19.    Weaver has in fact put in more than 20 HCR's to Defendants Wexford and Corizon since November 22, 2013 concerning his throat, mouth, and chest pain issues.

20.    As a result of these Defendants actions/inactions making no effort to remedy Weaver's pain and suffering, and failing to provide Weaver proper medical care these Defendants are deliberately indifferent to Weaver's serious medical needs in violation of Weaver's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment.

21.    By these Defendants actions/inactions, making no effort to allow Weaver access to proper medical care for his pain and suffering, these Defendants were deliberately indifferent to Weaver's serious medical needs in violation of Weaver's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment of the Constitution of the United States.

22.    On March 22, 2017 Weaver was diagnosed with ptottic epiglottis. On March 23, 2017 Defendant Talbot also diagnosed Weaver with "chronic tonsillitis requiring tonsillectomy." Defendant Talbot has failed to provide Weaver with proper treatment or medication for his serious medical needs and Weaver did not receive a medical procedure concerning his ptottic epiglottis until August 22, 2018. Weaver still has not received a tonsillectomy and is not receiving proper treatment or medication concerning his serious medical needs.

23.    As a result of these Defendants delay in properly responding to Weaver's medical situation, providing proper medical treatment of Weaver, and making no effort to remedy Weaver's pain and suffering, these Defendants are deliberately indifferent to Weaver's serious medical needs in violation of Weaver's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment of the Constitution of the United States.

24.    Defendant Wexford and Corizon have a very clear policy [Indiana Department of Correction Policy #01-02-101 Development and Delivery of Health Care Services], that it has to follow in giving competent health care to all offenders and that policy states [at page-2 of that policy] that "all confined offenders shall have access to health care services." The same policy [at page-4] goes on to define/state that "seriousness can be evidenced by loss of life or limb, production of *significant pain or significant impact on daily living.*"

25.    This same policy [Policy #01-02-101] reiterates [at page-5] that "all offenders have access to health care services to meet their serious health care needs."

26.    It is unquestionable that in accordance with the Indiana Department of Correction policy [Policy #01-02-101] that Corizon and Wexford have failed to properly train Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna in how to meet the serious medical needs of Weaver and that pain from ptottic epiglottis and tonsillitis is in fact a serious medical need. If in fact Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna had been properly trained by Corizon and Wexford to meet the serious health care needs of Weaver and properly trained to recognize that pain from ptottic epiglottis and tonsillitis is in fact a serious medical need and that ptottic epiglottis and tonsillitis are life threatening medical issues Weaver would have not been left to suffer from serious pain or for his condition to worsen.

27.   By the actions or inactions of these Defendants Weavers life and health has been placed in grave peril over a period of 5 years and has resulted in significant emotional distress and irreversible physical damage to Weaver that could have been avoided by the immediate proper diagnosis and treatment of Weaver when he first informed the Defendants of his constant and extreme pain and other symptoms.

**WHEREFORE**, Donald E. Weaver Jr. requests judgment in the amount as is just and proper to adequately compensate him for his injury, pain, and suffering from all Defendants.

**Exhaustion of Administrative Remedies**

Weaver has exhausted the administrative remedies available to him through the Indiana Department of Correction by filing multiple informal grievances, formal grievances, and appeals of those formal grievances.

Weaver sent multiple request slips and letters to the health department concerning his serious medical issues.

Weaver contacted the Indiana Ombudsman Bureau concerning the denial of Weavers proper medical care.

Weaver has filed over 20 Health care request.

In addition Weaver has orally informed all medical and correctional personnel that Weaver has come in contact with of his extreme pain/suffering, worsening condition, and pleaded for the proper medication and treatment to provide Weaver relief to no avail.

## V. LEGAL CLAIMS

28.     Weaver reiterates and incorporates by reference each and every allegation hereto fore set forth as a part hereto.


### CLAIM 1

### VIOLATION OF TITLE 42 U.S.C. § 1983

### CRUEL AND UNUSUAL PUNISHMENT

29.     Defendants Wexford and Corizon have been deliberately indifferent to Weaver's serious medical needs since November 22, 2013 by failing to properly train Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna in how to diagnose/assess/treat Weaver in a timely manner for his pain and serious medical needs. All Defendants individually and collectively have left Weaver in pain for over 5 years instead of providing proper treatment immediately, delaying his proper medical care and causing him needless pain. This amounts to a sufficiently serious violation of Weaver's Eighth Amendment Right to be free from Cruel and Unusual Punishment and is deliberate indifference to his serious medical needs.

30.     Defendants Wexford and Corizon have been deliberately indifferent to Weaver's serious medical needs pain since November 22, 2013 suffering in pain for over 5 years because these Defendants have a custom/practice/ in which they do not properly diagnose/treat prisoners at the Pendleton Correctional Facility or Wabash Correctional Facility who have serious medical needs and leave these prisoners in severe pain and suffering, with only delayed medical care (if any medical care at all). This amounts to a sufficiently serious violation of Weaver's Eighth Amendment Right to be free from Cruel and Unusual Punishment and is deliberate indifference to his serious medical needs.

31.    Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna have been deliberately indifferent to Weaver's serious medical needs since November 22, 2013 leaving Weaver suffering from throat, mouth, and chest pain by failing to properly diagnose/treat him. Defendants Talbot, Frances, Dwyer, Rajoli, and Nwannuna left Weaver in severe pain delaying his medical care for his serious medical needs. They have done little or nothing for Weaver and have been dismissive of Weaver's serious medical needs and by their actions/inactions have delayed giving him proper medical care for his pain. This amounts to a sufficiently serious violation of Weaver's Eighth Amendment Right to be free from Cruel and Unusual Punishment and is deliberate indifference to his serious medical needs.

32.    The actions/inactions and deliberate conduct by these Defendant's resulting in further injury to Weaver constitutes illegal punishment, intentional, wanton, and malicious conduct, and is indicative of the Defendants' total disregard of and deliberate indifference to the Constitutional Rights of Weaver Violating the Eighth Amendment Right of Weaver to be free from Cruel and Unusual Punishment.

33.    The actions/inactions and conduct by Defendants Wexford and Corizon waiting to provide proper treatment and medication once they knew Weaver had a serious medical need delaying medical care for Weaver is indicative of this Defendants' total disregard of and deliberate indifference to the Constitutional Rights of Weaver. Violating the Eighth Amendment Right of Weaver to be free from Cruel and Unusual Punishment.

## CLAIM II

34.    Weaver reiterates and incorporates by reference each and every allegation heretofore set forth.

### PUNITIVE DAMAGES

35.    The actions and conduct by Defendants Wexford and Corizon in not properly training their employee's in how to properly meet the medical needs of Weaver since November 22, 2013, and to properly train their  employee's how to recognize the serious medical needs of Weaver [and others] has further injured  Weaver and caused him needless pain and permanent physical damage amounting to deliberate indifference in violation of Weaver's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment of the Constitution of the United States. It is also a violation of Weaver's Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution. This should result in punitive damages to be awarded to Weaver.

## CLAIM III

36.    Weaver reiterates and incorporates by reference each and every allegation heretofore set forth.

### EMOTIONAL DISTRESS

37.    As a result of the Defendants' egregious conduct resulting in needless pain/injury to Weaver, and these Defendants' violation of Weaver's right to adequate immediate medical care for a serious medical need, Weaver suffered pain, mental and psychological suffering, as well as emotional distress from their actions. Weaver is also entitled to attorney fees in this

matter, as well as punitive damages as a result of Defendants' wanton and willful disregard for Weaver's health and well being.

## CLAIM IV

38.    Weaver reiterates and incorporates by reference each and every allegation heretofore set forth.

### BREACH OF CONTRACT

39.    Defendants Wexford and Corizon have been the contracted Health Care Providers for the Defendants Indiana Department of Correction, Pendleton Correctional Facility, and Wabash Valley Correctional Facility during the times pertaining to this complaint and are entities of the Indiana Department of Correction. Defendants Wexford and Corizon have been paid tens of millions of dollars per year in a contract with the Indiana Department of Correction to provide adequate, competent, medical care to all offenders [including Weaver] under the custody and care of the Indiana Department of Correction [Weaver is under the custody and care of the Indiana Department of Correction]. Per these contracts with the Indiana Department of Correction, Defendants Wexford and Corizon have agreed to properly train all of their medical personnel that they place into all correctional facilities in the State of Indiana [including the Pendleton Correctional Facility and Wabash Correctional facility]. This training is to include how to properly respond to medical emergencies, what constitutes a medical emergency and/or a serious medical need, and how to adequately respond to such a serious medical need or medical emergency.

40.    Defendants Wexford and Corizon have breached these contracts between there self and the Indiana Department of Correction, and thus with Weaver. This is true because Defendants Wexford and Corizon owe a duty to Weaver based on Weaver being incarcerated in

the Indiana Department of Correction [and a ward of the State] and because Weaver is in fact a

sub-party to any contract between Defendants Wexford and Corizon and the other party [the

Indiana Department of Correction]. The contracts between Defendants Wexford, Corizon, and

the Indiana Department of Correction are for the sole benefit of Weaver and others incarcerated

in the Indiana Department of Correction. Without Weaver [and other incarcerated offenders in

the Indiana Department of Correction] there would be no such contracts.

41.    In addition, Weaver and his family members are tax payers in the State of Indiana,

meaning a duty is owed to Weaver by Defendants Wexford and Corizon separate from the

preceding duty of competent medical care and adequate medical care.

42.    Based on this breach of contract Weaver is requesting that Defendants Wexford

and Corizon give back all monies to the Indiana Department of Correction that Defendants

Wexford and Corizon have been paid per there contracts with the Indiana Department of

Correction since November 22, 2013, and pay Weaver a sum of $300,000 for these breach of

contracts.

## VI. PRAYER FOR RELIEF

*WHEREFORE*, the Plaintiff Donald E. Weaver Jr. respectfully prays that this Court afford the following relief:

(a) Declare that the acts of the Defendants described herein are violating Weaver's rights under the Constitution and Laws of the United States.

(b) Enter an order for injunctive relief with the goal of securing the health and reasonable medical needs of Weaver presently and in the future while housed at the Pendleton Correctional Facility, by ordering these Defendants' to maintain proper medical care for Weaver and for these Defendants to properly train their medical staff how to recognize/render proper medical care for Weaver's serious medical needs. To immediately provide Weaver with all proper and necessary procedures and medications needed to treat Weavers ptottic epiglottis and tonsillitis.

(c) Enter a separate order for injunctive relief forcing Defendants Corizon and Wexford to give all monies back to the Indiana Department of Correction paid to them since November 22, 2013.

(d) Enter an order awarding compensatory damages in favor of Weaver in the amount of $300,000 against all Defendants jointly and severally to make Weaver whole, including the costs of this action and related fees, as allowed by law, against each defendant. An additional award of damages in the amount of $300,000 total combined for all Defendants jointly and severly in punitive damages, and based on emotional distress to deter this conduct by the Defendants' in the future, and based on their past conduct. Plus an award of $300,000 against Defendant Wexford and Corizon for the breach of contract.

(e) Order a schedule to establish dates for the completion of discovery and other pre-trial procedures, including a date set for jury trial.

(f) Enter an order granting Weaver's Declaratory Judgment as to some of Weaver's claims.

(g) Order any such additional relief as this Court may deem just and proper.

Respectfully Submitted,

Donald E. Weaver Jr. DOC # 935351
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana, 46064

**VERIFICATION**

I, Donald Weaver, hereby verify under the penalties of perjury, that the facts, dates, and contents of the foregoing complaint under 42 U.S.C. § 1983, and attached documents are authentic, true, and correct to the best of my knowledge, sworn this 21ᵗʰ day of *Feb*, 2019

Donald E. Weaver Jr. *pro se*