UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD E. WEAVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00799-TWP-DLP |
| | ) | |
| DICK BROWN individually and in his official Capacity, as Warden for the Wabash Valley Correction Facility, | ) ) ) | |
| FRANK LITTLEJOHN individually and in his official capacity as Assistant Warden of Operations for the Wabash Valley Correctional Facility, | ) ) ) ) | |
| CORRECTIONAL MEDICAL SERVICES, INC. (Corizon) in their official and individual capacity as Health Care Provider for the Indiana Department of Correction, | ) ) ) ) | |
| WEXFORD HEALTH SOURCES, INC. (Wexford) in their official and individual capacity as Health Care Provider for the Indiana Department of Correction, | ) ) ) ) | |
| FRANCES E. DWYER Dr., in her official, and individual capacity as a Doctor for the Wabash Valley Correctional Facility, | ) ) ) | |
| JOHN M. NWANNUNU Dr., in his official, and individual capacity as a Doctor for the Wabash Valley Correctional Facility, | ) ) ) | |
| NAVEEN RAJOLI Dr., in his official, and individual capacity as a Doctor for the Wabash Valley Correctional Facility, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
GRANTING MOTION FOR CLARIFICATION,
AND DIRECTING SERVICE OF PROCESS**

**I. Screening of the Complaint**

    **A.**    *Legal Standards*

Plaintiff Donald E. Weaver is currently incarcerated at the Pendleton Correctional Facility. The claims arose in this action when he was confined at the Wabash Valley Correctional Facility (Wabash Valley). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.**   ***Allegations and Discussion***

In the Entry of May 15, 2019, the Court severed some claims and defendants from this action into another action because they were misjoined. Dkt. 10. The defendants remaining in this action are: 1) Dick Brown; 2) Frank Littlejohn; 3) Correctional Medical Services, Inc. (Corizon); 4) Wexford Health Sources, Inc. (Wexford); 5) Frances E. Dwyer, Dr.; 6) John M. Nwannunu, Dr.; and 7) Naveen Rajoli, Dr. For relief, Mr. Weaver seeks injunctive relief and compensatory and punitive damages.

Mr. Weaver alleges that since November 22, 2013, while he was confined at Wabash Valley, defendants Dr. Dwyer, Dr. Rajoli, and Dr. Nwannunu were aware that he was experiencing pain in this throat, mouth, and chest, but denied him medical care. He alleges that the defendant physicians made no effort to provide him proper medical care and were deliberately indifferent to his serious medical needs. They were allegedly dismissive of his complaints and delayed proper care for his pain. He alleges that this deliberate indifference was evidenced by failing to provide access to care as required by Indiana Department of Correction (IDOC) policy. After Mr. Weaver was transferred to Pendleton on March 1, 2017, his conditions were diagnosed as ptottic epiglottis and tonsillitis.

Mr. Weaver alleges that he has submitted more than 20 health care requests to Corizon and Wexford since November 22, 2013, concerning his throat, mouth, and chest pain issues. He alleges that Corizon and Wexford have a custom or practice of failing to properly diagnose and treat serious medical needs of prisoners, of failing to abide by IDOC policy to provide access to care, and of failing to train the physician defendants to diagnose and treat pain and serious medical needs.

Mr. Weaver also alleges a state law claim of breach of contract as a third-party beneficiary against Corizon and Wexford.

1. *Insufficient Claims*

Mr. Weaver's motion for injunctive relief is **denied as moot** because he is no longer confined at Wabash Valley. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n. 3 (7th Cir. 2012); *Koger v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008) ("once the threat of the act sought to be enjoined dissipates," the claim for injunctive relief must be dismissed as moot).

There are no factual allegations of wrongdoing against Warden Dick Brown and Assistant Warden Frank Littlejohn. Rather, claims are brought against them based on their supervisory positions. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The claims against Warden Brown and Assistant Warden Littlejohn are **dismissed for failure to state a claim upon which relief can be granted.**

To the extent Mr. Weaver alleges IDOC policy violations, such claims fail to state a constitutional claim. *See Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (a violation of state law does not provide a basis for liability under § 1983). These constitutional claims are **dismissed for failure to state a claim upon which relief can be granted**

No final partial judgment shall issue as to the claims dismissed in this Entry.

**2.  *Claims That Shall Proceed***

The deliberate indifference claims under the Eighth Amendment **shall proceed** against defendants Dr. Frances E. Dwyer, Dr. John M. Nwannunu, and Dr. Naveen Rajoli.

The policy or practice Eighth Amendment claims **shall proceed** against Corizon and Wexford.

The breach of contract (third-party beneficiary) claims **shall proceed** against Corizon and Wexford.

These are the claims the Court discerns in the complaint. If Mr. Weaver believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through July 2, 2019,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Correctional Medical Services, Inc. (Corizon), Wexford Health Sources, Inc., Frances E. Dwyer, Dr., John M. Nwannunu, Dr., and Naveen Rajoli, Dr., in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 22, 2019 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk shall terminate from the docket** defendants Dick Brown and Frank Littlejohn.

The plaintiff's motion for clarification, dkt. [11], is **granted** to the extent that his ongoing medical issues relate to his throat and mouth area, not his knee.

The **clerk is requested** to send a courtesy copy of this Entry to attorneys Douglass R. Bitner and Jeb Crandall.

**IT IS SO ORDERED**.

Date: 6/7/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONALD E. WEAVER, JR.
935351
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Correctional Medical Services, Inc. (Corizon)
105 W. Park Drive
Brentwood, TN 37027

Wexford Health Sources (Wexford)
c/o Douglas P. Long, Registered Agent
500 N. Meridian, Suite 300
Indianapolis, IN  46204

Frances E. Dwyer, Dr.
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

John M. Nwannunu, Dr.
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

Naveen Rajoli, Dr.
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

Courtesy Copies to:

Douglass R. Bitner
Katz Korin Cunningham, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204

Jeb Crandall
Bleeke Dillon Crandall
8470 Allison Pointe Blvd., Suite 420
Indianapolis, IN 46250